IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN JACOB WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-649-GMS |
| | ) | |
| VINCE BIANCO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pursuant to Rule 5 of the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On December 7, 2003, John J. White was arrested for driving under the influence of alcohol. On January 12, 2004 the New Castle County grand jury indicted White on four driving-related charges stemming from his arrest. On June 22, 2004, White entered a plea of guilty to the lead charge of driving under the influence of alcohol (fourth or subsequent offense) (21 *Del. C.* § 4177(d)(4)), in exchange for which the prosecution dismissed the balance of the indictment. On September 17, 2004, Superior Court sentenced White to 2 years at level V incarceration, suspended after 10 months for 1 year, 2 months at level IV home confinement, suspended after 3 months for 11 months at level III probation. White remained incarcerated at the Howard R. Young Correctional Institution ("HRYCI") from September 17, 2003 until May 11, 2005. On June 9, 2005, while serving the home confinement portion of his sentence, White was re-incarcerated after being charged with a violation of probation. On June 23, 2005, Superior Court found White to be in violation of the terms of his probation and sentenced him to 2 years at level V with credit for time served, suspended immediately for 1 year at level IV Crest, suspended for level III probation upon successful completion of Crest. White was to be held at level V

incarceration until bed space was available at level IV Crest. White thus was held at the Sussex Violation of Probation Center ("SVOP") from June 9, 2005 until June 30, 2005, when he was transferred to the Central Violation of Probation Center ("CVOP"). White remained at the CVOP until September 28, 2005 when he was transferred to Plummer Work-Release Center from which the Crest program is run. On November 18, 2005, following a new charge of violation of probation, White was incarcerated at the Sussex Correctional Institution ("SCI") where he remains as of the date of this pleading.

White has not listed any grounds for relief in his petition for writ of habeas corpus. (D.I. 1 at 6-14). Instead, White has attached a copy of a motion for sentence modification that he filed in Superior Court and requested that this Court review that motion and, as relief, release him to time served with a transfer to probation. (D.I. 1 at 15). In that motion, White first offers several reasons for modification of his sentence (grounds 1, 2, and 4). The short answer to all of this is that White presents no federal claim cognizable under § 2254, but only a state law claim. *Fayson v. Snyder*, Civ. A. No. 97-160-GMS (D. Del. May 4, 1999) (Ex. A). Because White presents no claim cognizable under section 2254, he is not required to exhaust state remedies. *Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).

White also challenges the revocation of his probation on two grounds, ineffective assistance of counsel (ground 3 in the state court motion) and insufficient evidence to support the violation determination (ground 5). Accepting for the moment that White chose the correct procedure to make these claims in Superior Court, the two claims are unexhausted. White never filed an appeal from Superior Court's denial of his motion for sentence modification and admits as much in his petition. (D.I. 1 at 3). Thus, White never presented these claims to the state supreme court. *See, e.g., Dorsey v. Carroll*, 393 F.Supp.2d 272, 276 (D. Del. 2005).

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). If however, there is no available state remedy, White is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). White cannot now return to the Delaware Supreme Court to appeal the Superior Court's denial of his motion for sentence modification as such an appeal would be untimely. DEL. SUPR. CT. R. 6(a)(ii). *See, e.g., Dorsey*, 393 F.Supp.2d at 276. Moreover, White cannot return to Superior Court: Criminal Rule 35(b) precludes, without exception, repetitive motions. *See also Dorsey*, 393 F.Supp.2d at 276 (same result under Criminal Rule 61). Because there is no available state remedy, White is thus excused from the exhaustion requirement. *See, e.g., Dorsey*, 393 F.Supp.2d at 276.

However, review of White's claims is barred unless he shows cause for failing to have appealed and actual prejudice stemming from the alleged constitutional errors. *See, e.g., Beatty v. Patton*, 700 F.2d 110, 112-13 (3d Cir. 1983) (failure to appeal constitutes procedural default); *Dorsey*, 393 F.Supp.2d at 277. White says nothing in his federal papers about his failure to have appealed the Superior Court decision. As a result, White has not established cause for the default, and that alone is enough to warrant dismissal. *See, e.g., Dorsey*, 393 F.Supp.2d at 277.

The proceedings at White's plea, his sentencing, and his violation of probation hearing were recorded, but no transcript has been prepared. In the event that the Court deems production of any transcript necessary, Respondents anticipate that production of such transcript would require 90 days from the date of any order issued by this Court.

     For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                                             STATE OF DELAWARE
                                             DEPARTMENT OF JUSTICE

                                             /s/_____
                                             Gregory E. Smith, I.D. No. 3869
                                             Deputy Attorney General
                                             820 North French Street, 7th Floor
                                             Carvel State Building
                                             Wilmington, Delaware  19801

Dated: November 28, 2005                    (302) 577-8398