IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY C. FAYSON, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT SNYDER, Warden, and )<br>M. JANE BRADY, Attorney General )<br>of the State of Delaware, )<br>)<br>Respondents. )<br>_____ ) | Civil Action No. 97-160-GMS |

## ORDER

Stanley C. Fayson, Jr. was incarcerated at the Delaware Correctional Center ("DCC") located in Smyrna, Delaware. Presently, he is on parole, serving the remainder of his criminal sentence as a member of a work release program. On April 4, 1997, Fayson filed a petition for a writ of habeas corpus with this court, arguing that the sentencing judge committed a constitutional error when he refused to modify Fayson's state prison sentence in order to allow him to begin serving time on a consecutive federal sentence in another facility. Robert Snyder and M. Jane Brady, the respondents in this action, are the Warden of DCC and the Attorney General of the State of Delaware, respectively. Finding that Fayson's claims fail on the merits, the court will dismiss the petition and deny the relief requested.

I.  BACKGROUND.

In January of 1990, Fayson was sentenced to one year in prison, suspended over two years of probation, after being adjudged a habitual motor vehicle offender. Then, in July of 1991 and, later, in February of 1992, Fayson pled guilty to a series of drug possession, drug delivery, and conspiracy charges. On April 24, 1992, Fayson was sentenced for these drug-related crimes, receiving an eight-year sentence, suspended after six years with the first five being mandatory; a seven-year sentence that was suspended for one year in a half-way house and five years of probation; and an additional year of imprisonment for violating the terms of his probation that related to the motor vehicle offenses.

At the same time, Fayson was facing federal drug charges. After pleading guilty to these charges, Fayson was sentenced in May of 1992 to twenty-one months of imprisonment, which were to run consecutively after he finished serving his state sentences.

In February of 1996, four years after his sentencing, Fayson wrote a letter to the state court judge who had sentenced him, asking the judge to modify his sentence so that he could begin serving his federal sentence after completing his mandatory five-year state prison term. This request was denied as being untimely under Superior Court Criminal Rule 35(b). Fayson never appealed this decision, even though an appeal of right was available to him. *See Mayes v. State*, 604 A.2d 839, 842 (Del. 1992). Instead, Fayson wrote to the judge three additional times, making the same unavailing request to modify his sentence in each piece of correspondence.

Fayson then followed with this petition, claiming that the refusal to allow him to modify his state sentence impermissibly prevents him from beginning his federal one.

II. DISCUSSION.

Even though the court may presume that Fayson is likely to suffer "significant collateral consequences" as a result of his conviction, *see Sibron v. New York*, 392 U.S. 40, 55 (1968), the court notes that Fayson is not complaining about any of the repercussions he might face from being convicted on state drug charges. Instead, Fayson is merely complaining that his sentence on these charges should be truncated in order to afford him the opportunity to begin serving his federal sentence for related crimes.

In this respect, Fayson's claim is not based on any federal constitutional ground. Specifically, matters of criminal sentencing are generally state procedural issues, which fall outside the purview of federal habeas review. *See Caoperdo v. Demonsthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (citing *Ramirez v. Arizona*, 437 F.2d 119, 120 (9th Cir.1971)); *accord Cole v. Wyrick*, 615 F.2d 1206, 1208 n. 5 (8th Cir.1980) (citing *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir.1967)). In fact, the only time that a criminal sentence might implicate federal constitutional concerns is when the punishment or penalty imposed runs afoul of the Eight Amendment's prohibition against cruel and unusual punishment or the Fourteenth Amendment's guarantees of equal protection. *See Greco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987) (citing *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir.1976)).

Here, there is no indication, let alone even a complaint, that the sentence Fayson received was unduly harsh or improperly motivated. Instead, the only allegation in Fayson's

- 3 -

petition is that the sentencing judge impermissibly refused to modify the state sentence, which denied Fayson the opportunity to start serving his federal time earlier than originally anticipated. However, since the judge denied Fayson's motion as untimely under Superior Court Criminal Rule 35(b) because it was filed four years after Fayson had been sentenced, the decision that Fayson asks this court to review implicates no federal rights. As a result, the court will dismiss his claim.

Finally, even if there was a way to interpret Fayson's petition asserting an arguable federal claim, then that claim would be procedurally barred because he has failed to show cause for his failure to appeal the denial of his motion to reduce his sentence. As a result, the court would not even reach the issue of whether he has suffered any prejudice. *See Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing *Presnell v. Kemp*, 835 F.2d 1567, 1589 n.29 (11th Cir.1988)).

III. CONCLUSION.

For these reasons, IT IS HEREBY ORDERED that:

1. The Petition for a Writ of Habeas Corpus is DISMISSED and the Relief Requested DENIED; and

2. No probable cause exists for appeal.

Dated: May 4, 1999

_____
UNITED STATES DISTRICT JUDGE