IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN JACOB WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-649-GMS |
| | ) | |
| VINCE BIANCO, Warden, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

John Jacob White. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

MEMORANDUM OPINION

October 17, 2006
Wilmington, Delaware


Sleet, District Judge

## I. INTRODUCTION

Petitioner John Jacob White ("White") filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254 while he was detained at the Plummer Center in Wilmington, Delaware. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

White was arrested on December 7, 2003 for driving under the influence of alcohol. The grand jury returned an indictment charging four driving-related charges. On June 22, 2004, White entered a plea of guilty to the lead charge of driving under the influence of alcohol (fourth or subsequent arrest), in exchange for which the prosecution dismissed the balance of the indictment. The Superior Court sentenced White to 2 years at Level V incarceration, suspended after 10 months for 1 year, 2 months at Level IV home confinement, suspended after 3 months for 11 months at Level III probation. White remained incarcerated at the Howard R. Young Correctional Institution from September 17, 2003 until May 11, 2005. On June 9, 2005, while serving the home confinement portion of his sentence, White was re-incarcerated after being charged with a violation of probation. On June 23, 2005, the Superior Court found White to be in violation of the terms of his probation and sentenced him to 2 years at Level V with credit for time served, suspended immediately for 1 year at Level IV Crest, suspended for Level III probation upon successful completion of Crest. (D.I. 7.)

White was held at the Sussex Violation of Probation Center from June 9, 2005 until June 30, 2005, when he was transferred to the Central Violation of Probation Center ("CVOP"). White remained at the CVOP until September 28, 2005. On September 28, 2005, White was

transferred to the Plummer Work-Release Center (which houses the Crest program). According to the State, White was charged with a new violation of probation and incarcerated at the Sussex Correctional Institution. (D.I. 7.)

In July and August, 2005, while he was incarcerated at the CVOP, White filed two state petitions for habeas corpus and one motion for modification of sentence. The Superior Court denied all three motions. *See* (D.I. 8, Super. Ct. Crim. Dkt. Entry Nos. 27 - 32). White did not appeal those judgments.

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

#### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S.

288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner demonstrates actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. *Bousley v. United States*, 523 U.S. 614,

623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

White does not list any grounds for relief in his form petition; instead, attached to the petition is a copy of a motion for modification of sentence denied by the Superior Court. White asks the court to consider the same claims raised in the state motion for modification of sentence, and asks that the court release him to time served with a transfer to probation. Thus, the court construes Whites' petition as asserting the following five claims for relief: (1) he should be released because he must work to pay his child support; (2) he will lose his employment if he is not released; (3) the public defender representing him during his violation of probation hearing provided ineffective assistance; (4) he has not received his medication for various psychological disorders since June 9, 2005; and (5) there was insufficient evidence to support the administrative warrant charging White with a violation of probation. (D.I. 1.)

### A. Claims one, two, and four are not cognizable on federal habeas review

A federal court has jurisdiction to consider claims asserting that a petitioner's custody violates the federal Constitution or laws of the United States. Claims one, two, and four fail to satisfy that requirement. Accordingly, the court will deny these claims because they fail to assert issues cognizable on federal habeas review.

### B. Claims three and five are procedurally barred

In claim three, White contends that counsel provided ineffective assistance during his violation of probation hearing. In claim five, White contends that there was insufficient evidence to support the finding that he violated his probation. Although White presented these claims to the Delaware Superior Court in a motion for modification of sentence,[1] he did not appeal the Superior Court's denial of that motion. Consequently, White did not exhaust state remedies for these two claims.

The court excuses White's failure to exhaust state remedies because state procedural rules would bar him from obtaining further review of these claims in the state courts.[2] Nevertheless, the claims are still procedurally defaulted, and the court can only review the merits of the claims if White demonstrates cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur absent a merits review.

White does not provide any explanation for his failure to appeal the Superior Court's denial of his Rule 35 motion. In the absence of cause, the court does not need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Moreover, because White has not provided new reliable evidence of his actual innocence, the miscarriage of justice doctrine does

---

[1]Given the court's ultimate conclusion that the claims are procedurally barred, the court assumes without deciding that a Rule 35 motion was the proper vehicle for presenting these claims to the Delaware Superior Court.

[2]First, the time to appeal the Superior Court's denial of the claims has expired. *See* Del. Supr. Ct. R. 6(a)(ii); *Dorsey v. Carroll,* 393 F. Supp. 2d 272, 276 (D. Del. 2005). Second, any attempt by White to file a new motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35 would be barred as repetitive, and a Rule 61 motion for post-conviction relief would be barred as repetitve or formerly adjudicated. *See* Del. Super. Ct. Crim. R. 35; Del. Super. Ct. Crim. R. 61(i)(2), (4).

not excuse his procedural default. Accordingly, the court is procedurally barred from reviewing White's claims alleging ineffective assistance of counsel and insufficient evidence of a probation violation.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that White's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, White's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN JACOB WHITE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>VINCE BIANCO, Warden, et. al., )<br>)<br>Respondents. ) | Civ. A. No. 05-649-GMS |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. John Jacob White's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2. The court declines to issue a certificate of appealability.  See  28 U.S.C. § 2253(c)(2).

Dated: Oct. 17 , 2006

_____
UNITED STATES DISTRICT JUDGE



FILED

OCT 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE